*CINCINNATI TRACTION CO. v. JOHN RUTHMAN.

**Reading Pleadings to Jury Without Defining Issues Erroneous.**

Both parties to an action are entitled to a plain statement to the jury of the issues presented, together with a definite and unambiguous statement of the law as applicable to the case made by the proofs, and failure to give such a charge constitutes reversible error, as does also the reading of the pleadings to the jury without defining the issues.

ERROR to common pleas court.

*Kinkead & Rogers*, for plaintiff in error.

*Thos. L. Michie* and *Frank Seinsheimer*, for defendant in error:

Cited and commented upon by the following authorities: *Robison* v. *Gary*, 28 Ohio St. 241; *New York, C. & St. L. Ry.* v. *Kistler*, 66 Ohio St. 326 [64 N. E. Rep. 130]; *Knopke* v. *Insurance Co.* 99 Wis. 291 [74 N. W. Rep. 795]; *Roberge* v. *Bonner*, 185 N. Y. 265 [77 N. E. Rep. 1023]; *Cincinnati Trac. Co.* v. *Ruthman*, 32 O. C. C. 353; *Louisville Ry.* v. *Blaydes*, 21 Ky. L. Rep. 668 [52 S. W. Rep. 960]; *Laethem* v. *Railway*, 100 Mich. 297 [58 N. W. Rep. 996]; *La Pontney* v. *Cartage Co.* 116 Mich. 514 [74 N. W. Rep. 712]; *Manor* v. *Railway*, 118 Mich. 1 [76 N. W. Rep. 139]; *Gutierrnez* v. *Railway*, 45 S. W. Rep. 310 (Tex. Civ. App.); *Joliet Ry.* v. *Eich*, 96 Ill. App. 241; *Bunyan* v. *Railway*, 127 Mo. 13 [29 S. W. Rep. 842]; *San Antonio St. Ry.* v. *Mechler*, 87 Tex. 628 [30 S. W. Rep. 899]; *Flewelling* v.

*Reversed, Ruthman v. Traction Co. 87 O. S. 000; 57 Bull. 471.

Traction Co. v. Ruthman.

*Railway,* 89 Me. 585 [36 Atl. Rep. 1056]; *Citizens' St. Ry.* v. *Lowe,* 12 Ind. App. 47 [39 N. E. Rep. 165]; *Columbus Ry.* v. *Ritter,* 67 Ohio St. 53 [65 N. E. Rep. 613]; *Ohio & Ind. Torpedo Co.* v. *Fishburn,* 61 Ohio St. 608 [56 N. E. Rep. 457; 76 Am. St. Rep. 437].

**SMITH, P. J.**

It is error for the trial court to read the pleadings to the jury without defining the issues.   *Erie Ry.* v. *Lockwood,* 28 Ohio St. 358.

It is also error for a court to charge the jury, ''It is for you to determine from all the circumstances surrounding the parties at the time, whether there was this alleged negligence and carelessness on the part of the defendant whereby, except for this negligence and carelessness, the collision would not have occurred. The defendant pleads that the accident, if it occurred, was due to the negligence and carelessness of the plaintiff,'' without defining what ''this negligence and carelessness'' is, as alleged in the petition, and particularly in not explaining to the jury what in law constitutes ''negligence and carelessness.''

A charge to the jury should be a definite, plain and an unambiguous statement of the law as applicable to the case made by the proofs.   *Parmlee* v. *Adolph,* 28 Ohio St. 10.

It is also error for the court in charging the jury to propound to them certain questions, as for instance: ''Was the plaintiff exercising due care, the care which an ordinarily prudent man would exhibit in driving his horse along Freeman avenue at the time and in the manner disclosed in the evidence?'' and other similar questions pertaining to the evidence in the case without instructing the jury as to the effect thereof, should they find either affirmatively or negatively in respect to such questions or facts, and what the legal result thereof would be.

It is also error for the court in defining the burden of proof to instruct the jury that:

''By the burden of proof is meant that fair preponderance of the evidence which should be given to its merits and worth,

Hamilton County.

and not necessarily to the number of witnesses on either side.''

Counsel for defendant in error admits that the matters set out herein are erroneous but claims they are not prejudicial. In this we can not agree, as both parties to a suit are entitled to a plain and distinct statement of the issues in the case together with a lucid exposition of the law applicable to those issues and the proofs.

For the above reasons the judgment below is reversed.

**Swing** and **Jones, JJ.,** concur.